[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above entitled matter claims a dissolution and other relief as on file which came to this court on March 28, 1989 and thence to later dates when the parties appeared for trial.
The court having heard the parties finds the following:
1. The plaintiff and defendant whose maiden name is Karen Kowicki married July 1, 1967 at Manchester, Connecticut.
2. The plaintiff has lived in this state for more than one year before the date of this complaint.
3. Keri A. Lemire, born August 9, 1974, is a minor issue of this marriage.
4. The defendant wife is a recipient of social security disability benefits.
5. The parties have been married 24 years. The defendant has worked as a licensed optician and the plaintiff has and still is working for the Town of Wethersfield and has had part time employment.
6. After the year 1979 the defendant developed a weight control problem, and underwent an intestinal by-pass to lose weight. It was not successful.
7. In the mid 1980's the defendant undertook two operations to reverse the previous intestinal operation.
8. The defendant became physically and mentally sick as a result of these operations and became addicted to prescription drugs and alcohol. This situation has subsided. The plaintiff was accused of physical abuse and of being inattentive and argumentive. The plaintiff denies this allegation.
9. There has been a lack of communication between the parties which resulted in deterioration of the marriage. The defendant became resistive to rehabilitation to her problems.
10. The parties are heavily in debt mostly due to the medical and mental problems of the defendant.
11. The plaintiff has accused the defendant of a CT Page 7858 close relationship with another female person which she denies.
The court feels the underlying cause of this marriage breakup has been lack of family inter-communication which has resulted in divergent paths for the parties. The love and affection for each other diminished to the point of being extinguished. Further, the defendant's condition and the family finances has strained the parties to the point of being strangers to each other.
The future ability of the defendant to obtain full employment is slim and the physical and mental prognosis for recovery is problematical in the near term at least. At best the court feels limited part-time employment may be available which also may be a therapy.
Creditability is for the trier of the facts to determine.
Based on all the testimony presented, evidence, findings, financial statements and exhibits before me, I find the action and conduct of parties resulted in the marriage breakdown. There is no hope of rehabilitation.
Accordingly, a decree of dissolution of the marriage may enter on the grounds of irretrievable breakdown.
After considering all of the evidence, the financial affidavits and exhibits in this case and taking into consideration all the criteria set forth in the following sections of the Connecticut General Statutes sec. 46b-81 as to awarding alimony; sec. 46h-56 as to custody and sec. 46b-56a as to joint custody; sec. 46b-59 as to visitation; sec. 46b-84 as to support; and sec. 46b-62 as to attorney fees; the following orders are issued and entered as part of the decree:
1. The defendant shall keep and retain her 1990 Cavalier automobile free and clear of any claims by the plaintiff husband. The plaintiff husband shall keep and retain his 1984 Mercury Linx automobile free and clear of any claims by the defendant wife. Each party to assume and pay any outstanding balance that may be due on the particular automobile saving the other harmless therefrom.
2. All household goods, furniture, appliances and other tangible personal property located in each party's respective residence shall be retained and kept by such party free and clear of any claim of the other party.
3. The cash surrender value of the life insurance CT Page 7859 policies owned by each party belong to each such party free of any claim of the other party.
4. The custody of the minor child, Keri A. Lemire, born August 9, 1974, shall be in joint custody, primary residency with the father, subject to mother's rights of reasonable visitation.
5. The social security disability check for the benefit of the said minor child, Keri, shall be paid to the father, as representative payee, so long as Keri resides with her father, which funds received by the plaintiff shall be expended for the child's benefit.
Any funds not used by the father for the benefit of Keri shall be placed in a separate account for the benefit of Keri.
6. The father shall pay and maintain dental, prescription and major medical insurance as available through his employment for the benefit of the minor child, Keri, during the period of her minority and pay all unreimbursed bills therefor if her social security benefit does not cover.
7. The plaintiff husband shall pay the defendant wife the sum of $65.00 per week as alimony until she remarries, gains full employment, deceases or co-habits with any person.
8. Upon application of the plaintiff to begin receiving pension benefits from his employment with the Town of Wethersfield, a copy thereof shall be sent to the defendant wife. The plaintiff shall transmit to the defendant twenty-five (25%) percent of the gross amount of each pension check received until her death, remarriage or co-habitation with any person.
9. Each party shall pay his or her own attorney fees.
10. The defendant shall pay the cost of medical, dental, prescription and major medical insurance for her benefit as available through the husband's employment, the maximum allowable benefits (one-million dollar life-time cap) for the maximum allowable period under the federal C.O.B.R.A. and/or if she becomes eligible for comparable coverage through her own employment or remarriage, whichever first occurs. She may waive this provision and purchase her own health insurance through any source. CT Page 7860
11. All medical bills due as of the date of this decree of dissolution shall be paid by the plaintiff husband and the defendant wife equally. All other liabilities listed on the financial affidavits or statements of each party shall be paid by each party saving the other harmless any payment.
JOSEPH F. MORELLI STATE TRIAL REFEREE